IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC GOLD and FERNE GOLD,**<br>Plaintiffs,<br><br>v.<br><br>**STATE FARM MUTUAL INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,**<br>Defendants. | CIVIL ACTION<br><br><br><br>NO. 15-1975 |

# MEMORANDUM OPINION

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss the Second Amended Complaint ("Complaint") Pursuant To Federal Rule of Civil Procedure Rule 12(b)(6) and Motion to Strike Under Rule 12(f). State Farm[1] seeks to dismiss Counts I and IV, which allege breach of contract for failure to make payments under the Plaintiffs' insurance agreement, because they do not itemize Plaintiff's claimed damages. State Farm also seeks dismissal of Counts III and VI, which allege claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 71 P.S. § 201-1, *et seq.* ("UTPCPL"), because they are barred by the "economic loss doctrine." Finally, State Farm moves to strike paragraphs 3, 13, 67, and 86 of the Complaint because it contends they are not material to any cause of action and are impertinent. For the reasons set forth below, Defendant's motion is denied in part and granted in part.

### A.  Counts I & IV (Breach of Contract)

Counts I and IV of the Complaint allege breach of contract claims. Count I alleges that State Farm failed to comply with its obligations under Plaintiffs' homeowners policy to cover

---

[1] On April 2, 2015, the parties stipulated to dismiss State Farm Mutual Automobile Insurance Company ("Mutual") as a defendant. *See* Mot., Ex. B (ECF No. 10-4). Plaintiffs agree that the inclusion of Mutual as a party to this Action was a mistake. *See* Pl's Response to Mot. ¶ 6 (ECF No. 13).

damages following a fire that occurred on March 19, 2013. Count IV alleges that State Farm failed to comply with its obligations under the same policy to cover damage to Plaintiffs' property as a result of Hurricane Sandy. State Farm argues that despite the "extraordinary number of 'facts'" alleged in support of these claims, Counts I and IV should be dismissed for failure to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 443 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because Plaintiffs "do not set forth any itemization of the damages that plaintiffs are claiming arise from" their allegations." Mot. at 5. Further, Defendant argues that the Complaint "only alleges that the value of the damages are more than $150,000 without any itemization or basis as to how plaintiffs arrived at this conclusion." *Id.* at 6.

Plaintiffs do not need to itemize their damages to properly allege a claim for breach of contract. Indeed, Local Rule 5.1.1 expressly prohibits plaintiffs from specifying a particular amount, and courts have repeatedly struck language from complaints that fails to adhere to this rule. *See Jodek Charitable Trust, R.A. v. Vertical Net Inc.*, 412 F. Supp. 2d 469, 484 (E.D. Pa. 2006) (citing cases). Local Rule of Civil Procedure 5.1.1 provides:

> No pleading asserting a claim for unliquidated damages shall contain any allegation as to the specific dollar amount claimed, but such pleadings shall contain allegations sufficient to establish the jurisdiction of the court, to reveal whether the case is or is not subject to arbitration under Local Rule 53.2, and to specify the nature of the damages claimed *e.g.*, 'compensatory,' 'punitive,' or both.

In accordance with Local Rule 5.1.1, Plaintiffs specified in Counts I and IV that they seek "judgment in their favor and against Defendant[] for the remaining insurance policy limits for the property damages and personal property claims, an amount in excess of $150,000, payment of past and ongoing additional living expenses ("ALE"), plus interest, costs of suit and such relief as the Court deems adequate and just." Compl. ¶¶ 86, 115. These allegations are specific

2

enough to meet the pleading threshold under *Twombly* and *Iqbal* while complying with Local

Rule 5.1.1. Accordingly, Defendant's motion to dismiss Counts I and IV is denied.[2]

B.      **Counts III & VI (UTPCPL)**

In Counts III and VI of the Amended Complaint, Plaintiffs pursue claims under the UTPCPL. Plaintiffs' claims, however, are subject to dismissal with prejudice on the merits because they are barred by the economic loss doctrine. That doctrine "'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'" *Werwinsky v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)).[3] It is "designed to . . . establish clear boundaries between tort and contract law." *Id*. at 680-81. The economic loss doctrine bars claims:

> "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."

*Pesotine v. Liberty Mut. Group, Inc.*, No. 3:14-784, 2014 WL 4215535, at * 4 (M.D. Pa. Aug. 25, 2014) (quoting *Reed v. Dupuis*, 920 A.2d 861, 864 (Pa. Super. 2007)).

Plaintiffs allege that State Farm violated the UTPCPL with respect to their fire claim by sending Plaintiffs a series of property damage estimates represented as State Farm's evaluation

---

[2] Defendant also objects to Plaintiffs' demand for "special damages," which Defendant identifies as the demand for "any and all further remedies as the Court deems adequate and just" Mot. at 7. Defendant argues that this request does not comport with Federal Rule of Civil Procedure 9(g), which provides that, at the pleading stage, "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). Compl. ¶¶ 86, 115. Defendants do not explain how they conclude such damages are "special damages" under Pennsylvania law, and this Court, having reviewed the Complaint including the boiler plate language in the ad damnum clauses concludes that the plaintiff is seeking damages that are the usual and ordinary consequences of the wrong done and which are not dependent on any special circumstances. *Hooker v. State Farm Fire and Cas. Co.*, 880 A.2d 70, 77 (Pa. Commw. Ct. 2005) (defining "special damages").

[3] The Pennsylvania Supreme Court has not ruled on whether the economic loss doctrine can bar a UTPCPL claim. In *Werwinsky*, however, the Third Circuit predicted how the Pennsylvania Supreme Court would decide the issue. This Court is bound by the Third Circuit's decision.

of the loss but later "reduc[ing] to 'zero' the value of hundreds of thousands of dollars of items of damages and [insisting] that Plaintiff[s] provide additional proof for the items which had already been valued in State Farm's prior written estimates." Compl. ¶¶ 98-101. With respect to their Hurricane Sandy claim, Plaintiffs allege that State Farm sent estimates under the false representation that they were prepared by a third party "in an attempt to get Plaintiffs to rely on the estimate and settle the claim for a fraction of its actual worth." *Id.* ¶ 127. Plaintiffs further allege that State Farm made "ongoing representations that State Farm was evaluating the claim when in fact State Farm knew its investigation was incomplete and that the proper investigation had never taken place." *Id.* ¶ 129. These allegations are "inextricably intertwined" with State Farm's failure to pay the amounts Plaintiffs assert are due under their insurance policy. *Pesotine*, 2014 WL 4215535, at *4. Moreover, Plaintiffs have not alleged damages other than economic loss. Under Pennsylvania law, with the exception of their statutory bad faith claim, Plaintiffs' recovery must come from the law of contract and not from the law of torts. *Werwinsky*, 286 F.3d at 671; *Pesotine.* 2014 WL 4215535, at *3. To the extent that Plaintiffs allege intentional misrepresentations by State Farm, those allegations too are subject to the economic loss doctrine. *Werwinsky*, 286 F.3d at 681. Accordingly, Counts III and VI shall be dismissed with prejudice.[4]

---

[4] State Farm also contends that Plaintiff's allegations fail to meet the pleading standard for fraud, which State Farm asserts is required in cases brought under the so-called "catch-all" provision of the UTPCPL, which prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 Pa. Cons. Stat §§ 201-2(4)(xxi); Mot. at 13-15. Plaintiffs respond that they have adequately alleged the elements of fraud. Opp'n at 11. Plaintiffs further argue that their allegations are not brought "only under the catch-all provisions of UTPCPL," Opp'n at 12, and assert that Defendant's conduct implicates three other provisions of the state, *i.e.*, subsections (i)-(iii), which generally prohibit causing confusion or misunderstanding about the source of goods or services or affiliations with another entity. Because the Court finds that any claim Plaintiffs bring under the UTPCPL would be barred by the economic loss doctrine, the Court need not determine which, if any, provisions of that statute are implicated by the Second Amended Complaint or the relevant pleading standards that correspond with those provisions.

In addition, Defendant's motion suggests that the UTPCPL claim may also be barred by the "gist of the action" doctrine. Mot. at 6. Because Defendant does not address this argument in its memorandum of law, and because

### C. Motion to Strike

Motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp.2d 525, 527-28 (E.D. Pa. 2013) (quotation omitted). Defendant seeks to strike paragraphs 13, 67, and 86[5] of the Complaint, which allege, *inter alia*, that "Plaintiffs' claims have caused Plaintiffs to suffer significant undue financial burdens anxiety, emotional and physical distress" as well as "various serious and permanent injuries and damages to the Plaintiffs." *See* Compl. ¶ 86. Because Plaintiffs cannot claim emotional distress damages for either breach of contract or bad faith claims under Pennsylvania law, *see Rodgers v. Nationwide Mut. Ins. Co.*, 496 A.2d 811, 814 (1985), and because counsel for Plaintiffs conceded at the Rule 16 conference that Plaintiffs were not seeking damages for emotional distress, the Court finds that references to Plaintiffs' mental and physical state bear no possible relation to the controversy and confuse the issues. Accordingly, the Court grants Defendant's motion to strike the quoted language from paragraphs 13, 67, and 86.

Defendant also moves to strike language from paragraph 3, which alleges, *inter alia*, that Defendant's business in Pennsylvania includes "issuance of insurance policies to residents of Philadelphia County, charging and collecting hundreds of millions of dollars from Philadelphia residents for premium payments, advertising for business from Philadelphia residents, and other sales and business activities, all to Defendants' great financial benefit." By its positioning in the

---

the Court finds that the UTPCPL claim is barred under the "economic loss" doctrine, the Court need not analyze whether the "gist of the action" doctrine also bars Plaintiffs' UTPCPL claim.

[5] State Farm incorrectly identifies paragraph 84 as the subject of its motion. Mot. at 15. However, it is obvious from context and from State Farm's later arguments in its memorandum that it intended to address paragraph 86.

Complaint, the Court concludes that this language was inserted to establish venue.  Because Defendant did not argue that this language was factually inaccurate or explain why it is extraneous, unnecessary and ultimately impertinent, the Court will deny this motion.

In summary, Defendant's motion to dismiss the breach of contract claims is **DENIED**; the motion to dismiss the UTPCPL claims is **GRANTED**; and the motion to strike is **GRANTED** with respect to paragraphs 13, 67, and 86 and **DENIED** with respect to paragraph 3. An appropriate order will follow.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**